IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**LUCY ALAGOZ,**                                         CV. 6:12-cv-00902 RE

           Plaintiff,
                                                         **OPINION AND ORDER**

      v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

           Defendant.


**REDDEN**, Judge:

Plaintiff seeks an award of fees in the amount of $5,289.44 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, plaintiff's application (#23) is granted.

**Background**

Plaintiff alleged disability since May 3, 2007, due to "arms, hands, back, neck, depression." Tr. 148. Her application was denied initially and upon reconsideration. After a September 2010 hearing, an ALJ found her not disabled, finding, in part,

that plaintiff's testimony as to the symptoms of her impairments was not entirely credible. Plaintiff sought review in this court, and after reviewing the record, this court reversed the decision of the Commissioner and remanded this matter for the calculation and payment of benefits on the basis that the ALJ did not provide clear and convincing reasons for rejecting the opinion of the treating physician.

Plaintiff filed this application for fees (#23). The Commissioner asserts that her position was substantially justified and that no attorney fees should be awarded under the EAJA.

### Standards

Under the EAJA, a prevailing party is entitled to recover attorneys fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988); *Bay Area Peace Navy v. United States,* 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which

reasonable minds could differ. *Gonzales,* 408 F.3d at 618. A position is substantially justified if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 565; *Hardisty v. Astrue,* 592 F.3d 1072, 1079 (9th Cir. 2010), *cert. denied,* 2011 WL 1832858 (May 16, 2011). The government bears the burden of demonstrating substantial justification. *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *United States v. Marolf,* 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988)).

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992). The party opposing the fee request has the burden of rebuttal which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged. *Id.* at 1397-98.

///

///

## Discussion

It is undisputed that plaintiff is the prevailing party. The Commissioner does not object to the amount of costs or the requested hourly rate. She argues that she was substantially justified in defending the ALJ's decision denying plaintiff's applications.

**A.  Robert Hartog, M.D.**

Treating physician Hartog opined in August 2008 that plaintiff was limited to occasional handling with both hands, and she would be expected to miss work 3-4 days a month due to medical issues and limited strength and endurance due to opioid use.  Opinion & Order at 18-19.

The Commissioner argues that an ALJ may properly reject a treating physician's assessment if the assessment is "conclusory, brief, and unsupported by the record as a whole."  However, this court found Dr. Hartog's opinion supported by multiple objective medical findings, including CT scan with disc bulge and facet osteoarthritis, surgery, fibromyalgia tender points, observation of demeanor, a positive Tinel's sign in the left hand, multiple tender points in the hands, and decreased sensation to pinprick and touch in both hands. Opinion & Order at 18-19.  This court found the ALJ erred by rejecting Dr. Hartog's opinion as inadequately supported, and failed to offer clear and convincing reasons to reject the uncontradicted opinion of the treating physician.  This was legal error and the Commissioner's position

was not substantially justified. Therefore, plaintiff's motion for fees and costs under the EAJA is granted.

**B. No Fee Reduction for Asserting Unpersuasive Argument**

The court found that the ALJ properly found plaintiff less than fully credible. Defendant argues that a fee award should be reduced where a claimant failed to prevail on every contention raised, citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983). In *Hensley* the plaintiffs challenged the constitutionality of treatment and conditions at a state mental hospital and prevailed on five of six general areas of treatment. Thereafter, they sought attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. The *Hensley* Court held that, where the plaintiff failed to prevail on a claim unrelated to the successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley,* 461 U.S. at 435. The *Hensley* Court also noted that the extent of a plaintiff's success is a crucial factor in determining the proper amount of attorney fees awarded. *Id.* at 430.

The Commissioner's argument fails because the plaintiff prevailed on her claim of disability though not on every argument she asserted in support of that claim.

/ / /

/ / /

/ / /

## Conclusion

The Commissioner's position is not substantially justified. Accordingly, plaintiff's EAJA application (#23) is granted. Plaintiff is awarded fees in the amount of $5,289.44.

IT IS SO ORDERED.

Dated this 23 day of January, 2014.

                                           JAMES A. REDDEN
                                           United States District Judge